United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40957
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SAUL AARON MENDOZA SANCHEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-972-ALL
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

      Saul Aaron Mendoza Sanchez appeals from his guilty-plea

conviction for reentry of a deported alien, in violation of 8

U.S.C. § 1326.  Sanchez argues that his sentence should be

vacated and remanded because the district court sentenced him

under the mandatory guidelines scheme held unconstitutional in

United States v. Booker, 125 S. Ct. 738 (2005).

      Because the district court sentenced Sanchez under a

mandatory guidelines regime, it committed error.  See United

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Valenzuela-Quevado, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005); see also United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).  The Government concedes that Sanchez's objection below preserved his claim.  We cannot affirm the erroneous sentence unless the Government shows that the error is harmless beyond a reasonable doubt.  See United States v. Pineiro, 410 F.3d 282, 285-86 (5th Cir. 2005).  We conclude that the Government has not met its burden.  See United States v. Garza, 429 F.3d 165, 171 (5th Cir. 2005).  We therefore VACATE Sanchez's sentence and REMAND for re-sentencing.

Sanchez also challenges the constitutionality of 8 U.S.C. § 1326(b).  His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Sanchez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Sanchez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.  Accordingly, Sanchez's conviction is AFFIRMED.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.